UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROGER STEPHENS,            )
                           )
    Plaintiff,             )
                           )
                           )
v.                         )    No. 3:04-cv-0969
                           )    Judge Thomas A. Wiseman, Jr.
                           )
AMERICAN REPUBLIC INSURANCE)
COMPANY,                   )
                           )
    Defendant.             )

## MEMORANDUM

### I. INTRODUCTION

Plaintiff Roger Stephens brought suit against Defendant American Republic Insurance Company ("ARIC") alleging that ARIC's actions involving various employee benefit and incentive compensation plans were violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1140, *et seq.* ("ERISA"), and stating common law claims for fraud, promissory estoppel and breach of contract. ARIC, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, has now filed a Motion for Judgment on the Pleadings as to Counts II through IV of Plaintiff's Amended Complaint, with a supporting memorandum of law (Doc. Nos. 17 and 18), in which it claims that all of Stephens' common-law claims are preempted by his ERISA claim under 29 U.S.C. § 1001, *et seq.* (Mot. J. Pleadings ¶¶ 1–2.) Stephens has filed a response in opposition to ARIC's motion and a supporting memorandum of law (Doc. Nos. 28 and 29) in which he concedes that his common-law claims are preempted to the extent they relate to an ERISA-qualified deferred compensation plan, but contends that they do not relate to any ERISA plan. ARIC filed a reply (Doc. No. 30). Stephens has also filed a motion to file a supplemental response to ARIC's reply, along with which he filed the proposed response (Doc. No. 31 and Ex. A).

For the reasons set forth below, ARIC's motion will be **DENIED** as to Counts II and III, **GRANTED** with respect to Count IV insofar as Count IV may be construed to state a claim for breach of contract relating to an ERISA-qualified deferred compensation plan, and **DENIED** insofar as Count IV relates to any non-

ERISA plans. Because the Court reaches its holding without reference to Stephens' proposed response to ARIC's reply, Stephens' motion for leave to file said response is also **DENIED** as moot.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In his Amended Complaint (Doc. No. 14), Stephens alleges the following facts:

1. On or about June 18, 1999, Stephens was hired by ARIC as an agency sales manager. (Am. Compl. ¶ 4.)

2. To induce Stephens to accept employment, ARIC represented to Stephens that certain employee benefit plans and incentive compensation programs would be provided to Stephens based upon the insurance policies that he and his subordinate agents wrote. (Am. Compl. ¶ 4.) Specifically, ARIC represented that Stephens would be eligible to participate in a deferred compensation program and a renewal income program, provided that he met certain performance requirements. (Am. Compl. ¶ 4.)

3. Stephens met all of ARIC's goals required for participation in both the employee benefit and incentive compensation plans, even earning various awards for his performance. (Am. Compl. ¶ 5.)

4. Throughout his employment, Stephens made a number of inquiries to ARIC's officials at the home office in Des Moines, Iowa requesting copies of the various plans, including the deferred compensation plan and renewal income plan, and inquiring about the plans' terms and conditions. (Am. Compl. ¶ 5.)

5. Furthermore, because ARIC's management had represented to Stephens that he was vested, he requested copies of his various accounts. (Am. Compl. ¶ 5.)

6. Stephens never received copies of the plans, their terms and conditions, or the amounts of money that had accrued under the plans. (Am. Compl. ¶ 5.)

7. ARIC fired Stephens in or around August 2004 with the specific intent of purposely interfering with Stephens' rights and benefits that ARIC's officials represented to him that he would receive under all of the plans that he qualified for. (Am. Compl. ¶ 6.)

Stephens alleges four theories of liability against ARIC. In Count I, Stephens alleges a federal ERISA claim with respect to his rights under the employee benefit plan, stating that ARIC's actions constituted discrimination, retaliation, and purposeful interference. (Am. Compl. Count I.) Counts II, III, and IV allege state common law claims of fraud, promissory estoppel, and breach-of-contract, respectively. (Am. Compl. Count II, ¶¶ 8–9.) Counts II and III refer to ARIC's alleged actions with regard to certain alleged incentive

2

based compensation programs. (Am. Compl. Count II, ¶ 8.) Count IV generally incorporates the facts and allegations of the entire Complaint as the basis of the breach-of-contract claim, apparently referring to both the incentive based compensation programs *and* the deferred compensation plans. (Am. Compl. ¶ 9.)

After answering the Amended Complaint (Doc. No. 15), denying Stephens' factual allegations and legal claims and asserting various affirmative defenses—including that the state law claims are preempted by ERISA—ARIC submitted its Rule 12(c) motion for judgment on the pleadings. The sole basis for ARIC's motion is that Stephens' state law claims are preempted by ERISA. (Mot. J. Pleadings ¶¶ 1–2.) ARIC argues that while Count I clearly asserts an ERISA violation with respect to the employer's deferred compensation plan, Counts II through IV assert state law claims that are based on the same facts as Count I. (Mot. J. Pleadings ¶¶ 1–2.) According to ARIC, Counts II through IV are "related to" the ERISA-protected plan and are therefore barred by ERISA's broad preemption provisions. (Mot. J. Pleadings ¶¶ 1–2.)

In his response in opposition to ARIC's motion, Stephens concedes that any state law claims relative to the ERISA-qualified deferred compensation plan are preempted and should be dismissed, but maintains that his state law claims are not preempted to the extent that they relate to non-ERISA plans. (Pl.'s Resp. ¶ 1.) In addition, Stephens states that Counts II through IV of his Amended Complaint are intended to be predicated exclusively upon the non-ERISA plans. (Pl.'s Mem. Supp. Resp. ¶ 4.)

On May 13, 2005, ARIC replied to Stephens' Response, apparently agreeing that Stephens purported to limit his state-law claims to the non-ERISA plans, but also stating that Stephens had not provided sufficient factual information regarding the alleged non-ERISA plans. (Def.'s Reply ¶ 2.) On that basis, ARIC asserts that Stephens cannot meet the burden of proof required to defeat ARIC's Motion for Judgment on the Pleadings. (Def.'s Reply ¶ 2.)

### III. STANDARD OF REVIEW

In reviewing a Rule 12(c) motion, the Court is required to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998) (citing Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir. 1990)). The Court is not, however, required to "accept as true legal conclusions or unwarranted

3

factual allegations." Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp., 399 F.3d 692, 697 (6th Cir. 2005) (quoting Mixon v. Ohio, 193 F.3d 389, 400 (6th Cir. 1999)).

## IV. DISCUSSION

In order to determine the outcome of ARIC's 12(c) motion, two issues must be resolved: (1) whether Stephens' state law claims in Counts II through IV "relate to" ARIC's ERISA-governed deferred compensation plan to such an extent that they are preempted; and (2) whether Stephens provides sufficient factual information about the existence of ARIC's incentive based programs for the purposes of a 12(c) motion.

### A. ERISA Preemption

The statutory basis for ERISA preemption is found in 29 U.S.C. § 1144(a), which states that "the provisions of this . . . chapter shall supersede any and all State laws insofar as they relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a) (1999). The term "State law" is defined in 29 U.S.C. § 1144(c)(1) as "all laws, decisions, rules, regulations, or other State action having the effect of law." Id. § 1144(c)(1).

The United States Supreme Court has held that "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96–97 (1983). The phrase "relates to" was intended by Congress to be applied in its broadest sense in order to ensure that federal authority solely governed the field of employee benefits. Id. at 98, 99. This broad application of "relates to" includes all claims under state law, "whether or not they were so designed or intended." Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272, 1276 (6th Cir. 1991). The fundamental question in ERISA preemption analysis is "whether the state law has an impermissible *effect* on a covered plan." Thiokol Corp. v. Roberts, 76 F.3d 751, 758 (6th Cir. 1996). Despite its expansive application, ERISA has been held not to preempt "state laws and state law claims whose effect on employee benefit plans is merely tenuous, remote or peripheral." Cromwell, 944 F.2d at 1276.

ARIC's 12(c) motion is premised on the theory that Counts II through IV of Stephens' Amended Complaint all relate to "the Plan," referring to the ERISA-governed deferred compensation plan, because they are "based on the same facts that allegedly support Plaintiff's ERISA claim." (Mot. J. Pleadings ¶ 2.) While it is true that all four Counts of Stephens' Amended Complaint share the same basic fact pattern, that commonality of fact does not determine whether the state claims "relate to" the ERISA plan. As stated above,

4

a state law "relates to" an ERISA plan when it has a "connection with" or "reference to" such a plan or has an "impermissible effect" on such a plan. See Shaw, 463 U.S. at 96–97; Thiokol, 76 F.3d at 758.

In the present case, Stephens argues that "Counts II through IV are claims predicated upon other incentive based compensation programs not intended by the Defendant to be governed by ERISA." (Pl.'s Mem. Supp. Resp. ¶ 4.) Counts II and III, in fact, are expressly limited by their terms to ARIC's "incentive based compensation programs," which by definition are not ERISA-governed plans. (Am. Compl., Count II, ¶¶ 8–9.) Since Counts II and III expressly seek recovery only with respect to the incentive based compensation plan and do not have even a tenuous effect on any ERISA plan, those claims are not preempted.

The only potentially ambiguous claim is Count IV, which incorporates all of ARIC's "aforementioned acts and omissions" alleged in the Amended Complaint as the basis for his breach-of-contract claim. (Am. Compl. ¶ 9.) This claim might be considered to incorporate ARIC's acts with respect to the deferred compensation plan, thereby bringing the breach-of-contract claim in "relation to" the ERISA plan. Stephens basically concedes this point, although he states in his response to ARIC's motion that he intends Count IV to be based solely upon ARIC's actions with respect to the non-ERISA plans. Because the language in Count IV itself is not clear on that point, however, the Court holds that to the extent Count IV states a breach-of-contract claim that relates to ERISA, it is preempted, but insofar as Count IV relates to breach of any alleged contract pertaining to incentive based compensation, it will not be preempted.

**B. Sufficiency of Plaintiff's Factual Allegations For 12(c) Purposes**

ARIC argues that Stephens has not provided sufficient information regarding the non-ERISA plans, but has made only "conclusory allegations." (Def,'s Reply ¶ 2.) For the purposes of the present 12(c) motion, this Court disagrees.

Under the standard of review for 12(c) motions, this Court is required to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Grindstaff, 133 F.3d at 421. While Stephens' references to the existence of "various . . . incentive compensation plans" and "other incentive based plans" in his Amended Complaint are somewhat vague (Am.

5

Compl. Count II, ¶ 8), he does specifically refer multiple times to a non-ERISA "renewal income program" based on insurance premiums renewed by customers (Am. Compl. ¶¶ 4–5).

Following the Sixth Circuit's standard of review, this Court accepts the Amended Complaint's factual allegations as true and cannot say that Stephens "undoubtedly can prove no set of facts in support of the claims that would entitle relief." Grindstaff, 133 F.3d at 421. Stephens has sufficiently identified at least one incentive based compensation program that can serve as a basis for Counts II through IV; he should therefore be allowed to proceed with his claims.

## V. CONCLUSION

For the reasons specified above, the Defendant's Motion for Judgment on the Pleadings is hereby **DENIED** with respect to Count II and III, **GRANTED** with respect to Count IV insofar as Count IV may be construed to state a claim for breach of contract relating to an ERISA-qualified deferred compensation plan, and **DENIED** insofar as it relates to any non-ERISA plans. An appropriate order will enter.

_____
Thomas A. Wiseman, Jr.
Senior United States District Judge